## Marie Casper by Mathew Casper, Appellee, v. Andrew Geck and Emil Geck, Appellants.

### Gen. No. 18,361.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. Thomas G. Windes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed February 4, 1914.

### Statement of the Case.

Action by Marie Casper, a minor, by Mathew Casper her next friend, against Andrew Geck and Emil Geck to recover damages for personal injuries sustained by plaintiff. It was alleged that the injury was caused by the negligence of the defendant in permitting iron doors or sidewalk lifts in the public sidewalk to remain open and unguarded in front of premises owned and controlled by the defendants, and that in consequence of such negligence such doors fell or closed down upon the leg of plaintiff causing permanent injuries. From a judgment in favor of plaintiff for four thousand dollars, defendants appeal.

George E. Gorman, Thomas J. Peden and Roy C. Merrick, for appellants; Cooney & Verhoeven, of counsel.

Chase R. Rankin, for appellee.

Mr. Justice Baume delivered the opinion of the court.

### Abstract of the Decision.

1. Negligence, § 96*—*when contributory negligence of child no bar to recovery.* Where the plaintiff is less than seven years of age, contributory negligence is no bar to a recovery.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Casper v. Geck et al., 185 Ill. App. 155.

2. NEGLIGENCE, § 45*—*when evidence shows joint liability for attractive nuisance.* In an action for personal injuries sustained by a minor by the falling of an open iron door maintained in a sidewalk in front of premises occupied and controlled by the defendants, evidence *held* sufficient to show that the defendants were jointly in possession and control of the premises and that they were charged with knowledge that the open iron doors constituted an attractive nuisance.

3. NEGLIGENCE, § 218*—*when requested instruction properly refused for assuming facts.* In an action against the owner of a building and a tenant to recover for personal injuries resulting from open sidewalk lifts in front of the premises, a requested instruction assuming that a portion of the building was in the exclusive possession of the tenant and that the owner delivered possession thereof to the tenant, *held* properly refused where the main controverted question of fact was whether the owner was in possession jointly with the tenant.

4. NEGLIGENCE, § 250*—*when giving of instruction as to effect of ordinance harmless.* In an action to recover for personal injuries resulting from failure of defendant to close sidewalk lifts, the giving of an instruction for plaintiff as to the effect of an ordinance prohibiting such lifts to remain open except when in use, without informing the jury that the defendants would not be liable if the doors were being used at the time of the injury by third persons, *held* harmless.

5. DAMAGES, § 123*—*when recovery for injured leg not excessive.* A verdict of four thousand dollars for injury to the leg and knee of a child five years of age *held* not excessive, it appearing that the injury is permanent, that the injured limb is smaller and shorter than the other, that the circulation and nerve supply are permanently exhausted, and that as a result there will be a deformity of the pelvic bones

6. APPEAL AND ERROR, § 1712*—*when objection to admission in evidence of ordinance is deemed waived.* Where no reason is assigned or argument advanced in support of an objection to the admission of an ordinance in evidence, the objection is waived.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.